# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: LOUIS J. PEARLMAN,**

         **Debtor,**
_____/

**SONEET R. KAPILA, as CHAPTER 11 TRUSTEE,**

         **Plaintiff,**

**-vs-**                        **Case No.  6:08-cv-81-Orl-22**
                                **Bankr. Case No. 6:07-bk-761-ABB**
                                **Adv. Proc. No. 6:07-ap-185-ABB**

**RICHARD M. LOWRY, THE RESIDENCES AT SANDPEARL RESORT, LLC, and TITLE SECURITY II INC.,**

         **Defendants.**
_____/

## ORDER

This cause comes before the Court on Defendant Sandpearl Resort LLC's Motion for District Court to Withdraw the Reference (Doc. No. 3-2), Plaintiff Soneet Kapila's Opposition to the Motion (Doc. No. 3-3), and Defendant's Reply to the Opposition (Doc. No. 3-4).  After careful review of the parties' submissions and the relevant statutes and case law, the Court denies Defendant's motion to withdraw the reference.

**Analysis**

Title 28, section 157(d) of the United States Code states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Based on the language of the statute, the courts have recognized two types of withdrawal: permissive and mandatory. Permissive withdrawal originates in the first sentence; "[t]he district court *may* withdraw . . . for cause shown." *Id.* (emphasis added). Mandatory withdrawal is based on the language "the court *shall* . . . withdraw a proceeding" if the court determines that both bankruptcy law and other federal statutes are implicated. *Id.* (emphasis added).

**I. Mandatory Withdrawal**

There are two competing interpretations of the language governing mandatory withdrawal. The first view employs a literal interpretation of the language that withdrawal is required "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States . . . affecting interstate commerce." 28 U.S.C. § 157(d). Under this view, if title 11 and any other federal statute are both implicated, no matter to what degree, withdrawal is appropriate. *See Hvide Marine Towing, Inc. v. Kimbrell (In re Hvide Marine, Inc.)*, 248 B.R. 841, 843-44 (M.D. Fla. 2000).

However, this view would withdraw a larger swath of cases from bankruptcy court than Congress intended. The legislative history of the statute shows that it was intended to be narrowly

construed and would not cover what are essentially state law issues related to the core bankruptcy proceeding. *See In re White Motor Corp.*, 42 B.R. 693, 700 (N.D. Ohio 1984) (citing 130 Cong. Rec. H1849-50 (daily ed. Mar. 21, 1984) (statement of Rep. Kastenmeier)).[1]  Interpreting § 157(d) as requiring withdrawal whenever a federal statute is implicated to any extent would thwart the intent of Congress.

The second view of mandatory withdrawal, which has been accepted by courts in the Middle District of Florida, requires withdrawal only when the federal question involved warrants "substantial and material consideration." *Am. Body Armor & Equip., Inc. v. Clark (In re Am. Body Armor & Equip., Inc.)*, 155 B.R. 588, 590 (M.D. Fla. 1993); *In re Hvide Marine*, 248 B.R. at 844. The federal question will require withdrawal only when there are complicated interpretative issues or matters of conflict or first impression. *See, e.g., In re Hvide Marine*, 248 B.R. at 844. The Court holds that this is the appropriate view of mandatory withdrawal.

In the instant case, the federal statute at issue is the Interstate Land Sales Full Disclosure Act ("ILSA"), codified at 15 U.S.C. §§ 1701-20. Plaintiff's Complaint involves an option agreement between the Debtor and Defendant Richard Lowry over a condominium unit to be constructed by Defendant Sandpearl. Compl. (Doc. No. 1) at pp. 4-5. Plaintiff alleges that the option contract was

---

[1] This view is also inconsistent with the history of § 157(d). The statute was passed after and likely in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 84-85 (1982), which invalidated as unconstitutional Congress's vesting bankruptcy courts with jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11." *See also TPI Int'l Airways, Inc. v. Fed. Airways Admin. (In re TPI Int'l)*, 222 B.R. 663, 666 (S.D. Ga. 1998). *Northern Pipeline,* 458 U.S. at 56, dealt specifically with a state law contract claim by the debtor's trustee against a creditor. The statute granted bankruptcy courts jurisdiction over nonbankruptcy issues while heeding Northern Pipeline. *See In re White Motor Corp.*, 42 B.R. at 697.

invalid for a variety of reasons, including violations of ILSA. *Id.* at pp. 6-7. Plaintiff's Complaint asks the Court to hold that the bankruptcy estate is owed the money that the debtor paid as a deposit on a property. *Id.* at p. 13. In deciding this issue, the Court would have to determine the validity of the option contract, whether the property was exempt from certain provisions of ILSA, and, assuming ILSA applies, whether the developer (Defendant Sandpearl) violated the statute. Doc. No. 3-2 at p. 4; Doc. No. 1 at pp. 6-11. Plaintiff's Complaint is fundamentally based on determining the validity of a contract, though a federal statute will factor into the validity determination. Doc. No. 1 at pp. 12, 14. The issue of contract validity in the face of ILSA does not involve complicated interpretative issues such as matters of first impression or a conflict between bankruptcy and other federal law. *See In re Hvide Marine*, 248 B.R. at 844. Thus, the Court denies the motion with respect to mandatory withdrawal.

**II. Permissive Withdrawal**

Even if withdrawal is not required, it may be appropriate for the judge to employ permissive withdrawal. Whether to grant a motion for permissive withdrawal is within the discretion of the district court. *See, e.g., Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir. 1985); *In re White Motor Corp.,* 42 B.R. at 699. Permissive withdrawal requires a showing of cause. 28 U.S.C. § 157(d). Determination of whether cause exists involves analyzing a number of factors, including whether withdrawal will advance uniformity in the administration of bankruptcy law, prevent forum shopping, conserve the parties' resources, and facilitate the bankruptcy process. *See Dionne v. Simmons* (*In re Simmons*), 200 F.3d 738, 741-42 (11th Cir. 2000).[2]

---

[2] Other Circuit Courts consider the additional factors of whether withdrawal would be an efficient use of judicial resources, whether the claim involves core bankruptcy matters, whether there has been a jury demand in the adversarial proceeding, and whether withdrawal would cause excessive delay. *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Here,

In this case, there is no reason to think that declining to withdraw the matter will affect uniformity in bankruptcy. However, withdrawal would delay and disturb the bankruptcy process and create additional expense for the parties. Additionally, permitting withdrawal based solely on the presence of ILSA issues would encourage forum-shopping. Based on these factors, the Court in its discretion denies the motion with respect to permissive withdrawal.

Defendant is correct to point out that third party claims may arise over which the bankruptcy court would not have jurisdiction. Doc. No. 3-2 at pp. 4-5. Similarly, the district court may have to review the bankruptcy court's ruling on appeal. In such cases, it may prove more efficient for the district court to have withdrawn the case. However, third party claims and an appeal are only speculative and do not outweigh the other factors.

### Conclusion

Based on the foregoing, it is ORDERED as follows:

1. Defendant Sandpearl's Motion for the District Court to Withdraw the Reference of Adversary Proceeding 6:07-AP-00185-ABB Pursuant to 28 U.S.C. § 157(d) (Doc. No. 3-2), filed January 25, 2008, is DENIED.

2. The Clerk is directed to CLOSE the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 20, 2008.

*Anne C. Conway*
ANNE C. CONWAY
United States District Judge

---

there has been no jury demand. Doc. No. 3-2 at p. 5; Doc. No. 1 at pp. 17-18. The parties disagree over whether the issues involved are core matters (Doc. No. 3-3 at p. 7; Doc. No. 3-2 at p. 4). Neither of these factors would warrant permissive withdrawal.

Copies furnished to:
Counsel of Record
United States Bankruptcy Judge Briskman
Clerk, United States Bankruptcy Court